OREL v UNI-RAK SALES COMPANY, INC

Docket No. 102971. Argued January 15, 1997 (Calendar No. 12). Decided
    June 10, 1997.

    Terry Orel, an employee of Burton Brothers Construction Company,
        and Janet Orel, his wife, brought an action in the Wayne Circuit
        Court against Uni-Rak Sales Company, Inc., alleging that Terry
        Orel's fall on ice and snow on a job site in Uni-Rak's parking lot
        was a result of negligence in maintaining the premises. Uni-Rak's
        insurer had hired Burton Brothers to do fire repairs. The court,
        Diane Marie Hathaway, J., entered judgment on a jury verdict for
        the defendant. The Court of Appeals, CAVANAGH, P.J., and CONNOR, J.
        (BANDSTRA, J., dissenting), reversed and remanded for a new trial in
        an unpublished opinion per curiam, holding that SJI2d 19.02, which
        permitted the jury to determine for purposes of premises liability
        whether the defendant had possession and control of the parking
        lot, was improperly given by the trial court because the evidence
        clearly demonstrated that the defendant was the possessor of the
        premises as a matter of law (Docket No. 168892). The defendant
        appeals.

        In a unanimous opinion by Justice CAVANAGH, the Supreme Court
    held:

        The trial court was required to give SJI2d 19.02. The invitee sta-
    tus of a plaintiff, alone, does not create a duty under premises lia-
    bility law unless the invitor has possession and control of the
    premises on which the plaintiff was injured.

        1. Premises liability is conditioned upon the presence of both
    possession and control of land. Ownership alone is not dispositive.
    Invitors are subject to liability only if they are possessors. SJI2d
    19.02 should be given only when there is a dispute regarding who
    possessed the land at the time of the plaintiff's injury. Additionally,
    if reasonable minds could not differ regarding who had possession,
    a directed verdict could be granted, in the discretion of the trial
    court. Where the issue is whether a landowner had possession at
    the time of injury, the instruction must be given.

        2. In this case, because whether the defendant landowner had
    possession of the land at the time of the plaintiff's injury was a
    contested issue, the trial court was required to give SJI2d 19.02.

> The Court of Appeals should not have held as a matter of law that the defendant possessed the parking lot. The trial court properly read SJI2d 19.02 to the jury and properly denied the plaintiffs' motions for directed verdict and a new trial.

> Reversed.

> *Kendzorek v Guardian Angel Catholic Parish,* 178 Mich App 562; 444 NW2d 213 (1989), overruled.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Patrick Burkett*), for the plaintiff.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Thomas L. Misuraca* and *David M. Shafer*), for the defendant.

CAVANAGH, J. In this case, we are asked to determine whether it was proper for the trial court to instruct the jury on SJI2d 19.02.[1] This instruction allowed the jury to determine, for purposes of premises liability, whether the defendant had possession and control of the parking lot in which plaintiff fell. We hold that the invitee status of a plaintiff, alone, does not create a duty under premises liability law unless the invitor has possession and control of the premises on which the plaintiff was injured.

### I. FACTS AND PROCEEDINGS

The defendant operated a small factory in Inkster that manufactured storage racks. There was a fire on

---

[1] SJI2d 19.02 states:

A "possessor" is defined as—

a. a person who is in occupation of the land with intent to control it; or

b. a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it; or

c. a person who is entitled to immediate occupation of the land, if no other person is in possession as I have just explained.

January 18, 1988, that virtually destroyed the manufacturing facility. A small separate business office located in front of the manufacturing facility was not burned. Defendant's insurer hired a fire-repair contractor, Burton Brothers Construction Company, to do the repair and reconstruction work. Plaintiff Terry Orel was an employee of Burton Brothers who worked at the project. On February 3, 1988, the plaintiff was injured at the job site. In the complaint he filed in Wayne Circuit Court, he alleged that he fell on ice and snow in the parking lot as a result of the negligence of the defendant in maintaining the premises. The jury returned a verdict for the defendant, determining that the defendant was not negligent.

After denial of a motion for a new trial, the plaintiff appealed. The plaintiff asserted that the trial court erred in reading SJI2d 19.02 to the jury because the evidence clearly showed that defendant was a possessory landowner with respect to the premises in question. The plaintiff preserved this issue by timely objecting in the trial court.

In an unpublished per curiam opinion, the Court of Appeals reversed, holding that the trial court improperly read SJI2d 19.02 to the jury because the evidence clearly demonstrates that defendant was the possessor of the premises as a matter of law. The Court stated that it is error to submit an instruction regarding an issue that is not sustained by the evidence. Because the jury may have erroneously found that defendant was not in possession of the parking lot, the Court vacated the judgment and remanded the case for a new trial.

The defendant applied for leave to appeal, which this Court granted. 451 Mich 917 (1996).

## II. ANALYSIS

At trial, the parties agreed and the jury was instructed that the plaintiff was the defendant's invitee at the time that he fell. As stated in *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975), an invitor has a duty to take reasonable measures within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to an invitee.

In reversing the decision of the trial court, the Court of Appeals relied primarily on *Kendzorek v Guardian Angel Catholic Parish*, 178 Mich App 562; 444 NW2d 213 (1989), citing it for the proposition that "[a]lthough possessory rights can be 'loaned' to another, thereby conferring a duty to make the premises safe, the *invitor* cannot entirely absolve himself of his obligations by doing so."[2] *Id.* at 568-569. The Court in this case acknowledged that there are cases that generally hold that landowners are not subject to liability for the conditions of premises when the landowner does not have control over the premises. How-

---

[2] As this Court stated in *Quinlivan*:

There is a clear relationship between the "control and possession" principle . . . and the Restatement "duty to make safe." The land or property owner's bundle of possessory responsibilities may be diminished by the "loaning" of one or several of these responsibilities. This "loaning" gives a quantum of "control and possession" to another party. If such quantum of control and possession confers responsibility for an aspect of ownership which gives rise to liability then a "duty to make safe" will be found to exist. [*Id.* at 269.]

*Kendzorek* should not have relied on this passage or surrounding reasoning for the proposition that an invitor cannot entirely absolve himself of liability by "loaning" his possessory rights to another, especially after this Court's decision in *Merritt v Nickelson*, 407 Mich 544; 287 NW2d 178 (1980).

ever, the Court in *Kendzorek* reasoned that "control is only an issue where the owner is neither the possessor nor the invitor . . . ." *Id.* at 569.

Although the Court of Appeals in this case relied on its decision in *Kendzorek*, it should have followed this Court's decision in *Merritt v Nickelson*, 407 Mich 544; 287 NW2d 178 (1980), as the dissent noted. As stated in *Merritt*:

> *Premises liability is conditioned upon the presence of both possession and control over the land.* This is so because
>
> "[T]he man in possession is in a position of control, and normally best able to prevent any harm to others."
>
> Michigan has consistently applied this principle in imposing liability for defective premises.
>
> Our application of this principle is in accordance with the Restatement of Torts. *The Restatement imposes liability for injuries occurring to trespassers, licensees, and invitees upon those who are "possessors" of the land.* A "possessor" is defined as:
>
> "(a) a person who is in occupation of the land with intent to control it or
>
> "(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> "(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)."
>
> *Ownership alone is not dispositive. Possession and control* are certainly incidents of title ownership, but these possessory rights *can be "loaned" to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility.* [*Id.* at 552-553 (citations omitted; emphasis added).]

This Court's holding in *Merritt* applies to an invitor-invitee situation. To the extent that *Kendzorek* cre-

ates a special rule in the invitor-invitee context, it is overruled.[3] Invitors are subject to liability only if they are possessors.

The jury should be given the instruction in SJI2d 19.02 when there is a dispute regarding who possessed the land at the time of the plaintiff's injury.[4] Who had possession of a piece of land presents a factual issue for resolution by the jury. If there is no dispute, then the instruction should not be given. Additionally, if reasonable minds could not differ regarding who had possession of the land, a directed verdict could be granted, in the discretion of the trial court. Where, as here, a contested issue at trial was whether the defendant, the landowner, had possession of the land at the time that the plaintiff was injured, a trial court must give the instruction in SJI2d 19.02.

In the instant case, the possession instruction was hotly contested. Evidence was presented from which a reasonable jury could have determined that the defendant did not possess and control the parking lot at the time the plaintiff fell. The defendant presented evidence to show that the plaintiff's employer, its employees, subcontractors, and suppliers had completely taken over the parking lot adjacent to the

---

[3] Although the Court of Appeals in *Kendzorek* used overly broad language regarding an invitor's duty, we note that in that case, there was no question whether the defendant landowner also possessed the land at the time of the plaintiff's injury. Thus, when the Court in *Kendzorek* stated that "the duty of reasonable care owed by an invitor to his business invitee cannot be delegated," it is implicit that the invitor also has possession of the premises. *Id.* at 568. To the extent that *Kendzorek* can be read to mean that an invitor will be liable even if it did not have possession of the premises at the time of the plaintiff's injury, it is inconsistent with *Merritt* and therefore overruled.

[4] In the note on use for SJI2d 19.02, it specifically states that the instruction should be given "if there is a dispute as to who had possession of the land."

plant, which was separated by a fence from the front office parking lot. There was no evidence that any of the defendant's employees used the parking lot in question during the extensive reconstruction process. The few employees who worked in the front office parked only in the separately fenced lot adjacent to the front office. Thus, the Court of Appeals as a matter of law should not have held that the defendant possessed the parking lot in which the plaintiff fell.

### III. CONCLUSION

In this case, there was evidence from which the jury could reasonably determine that the defendant did not possess the land on which the plaintiff fell. Thus, the trial court properly read SJI2d 19.02 to the jury. Moreover, the trial court properly denied the plaintiff's motions for directed verdict and for a new trial. We reverse the decision of the Court of Appeals and reinstate the jury verdict.

MALLETT, C.J., and BRICKLEY, BOYLE, RILEY, WEAVER, and KELLY, JJ., concurred with CAVANAGH, J.