# STATE OF MICHIGAN

# COURT OF APPEALS

---

DEVON MISENKO, by Next Friend LISA
MISENKO,

        Plaintiff-Appellant,

v

WILLIAM H. BURKEEN, DEBRA A.
BURKEEN, LAURA BURKEEN, NATHAN
BURKEEN, doing business as BURKEEN HOME
IMPROVEMENT,

        Defendants,

and

BURKEEN CONSTRUCTION COMPANY, LLC,

        Defendant-Appellee.

UNPUBLISHED
May 15, 2018

No.  336851
Wayne Circuit Court
LC No.  15-005827-NO

---

Before:  CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Devon Misenko, by Next Friend Lisa Misenko, appeals as of right an order dismissing this case with prejudice in its entirety.  Plaintiff challenges the trial court's findings in a previous order granting defendant Burkeen Construction Company, LLC's (BCC) motion for summary disposition under MCR 2.116(C)(10).  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was thirteen years old at the time, fell through open insulation from a loft located in a barn owned by defendants, William H. Burkeen and Debra A. Burkeen.  She suffered serious injuries from the fall and spent 18 days in the hospital.  Defendant Nathan Burkeen is the son of William and Debra, and he had a lease agreement to live in his parent's residence.  Nathan has a d/b/a designation called Burkeen Home Improvement.  He had full access to the barn, where he occasionally stored materials used in the course of his work.  Nathan testified that he used materials from projects to construct the loft, including the staircase and the flooring.  William testified that he would store surplus materials from BCC projects in the east

-1-

side of the barn, while Nathan stored materials in the west side of the barn, which is where the loft was located. There was no testimony that BCC utilized the loft for any business purposes.

On September 20, 2014, William and Debra's grandson invited several friends, including plaintiff, over to his grandparent's residence for a bonfire. The grandson, plaintiff, and three other teenagers walked to the barn to have a bonfire. While in the barn, the grandson looked for firewood as the other four teenagers walked up the stairs to the second-story loft. By that time, it was raining heavily outside, and the grandson turned on the lights inside the barn. Plaintiff was the first to reach the loft platform. She walked straight ahead, and she asked the others if the loft was stable. One of the teenagers said that it was not stable, but at that moment, plaintiff stepped off the platform and onto open, silver insulation. The grandson, who was still standing on the ground level, observed plaintiff fall through the insulation. He called an ambulance and directed two of the teenagers to get William from the main residence.

Plaintiff filed a complaint, alleging active negligence, negligent supervision, nuisance, and premises liability. BCC filed a motion for summary disposition, and after holding a hearing, the trial court granted the motion on the three claims applicable to BCC—premises liability, nuisance, and active negligence. Thereafter, plaintiff appealed the trial court's decision, but because it was not a final order that disposed of the claims against all defendants, this Court denied the appeal on jurisdictional grounds. Subsequently, the remaining defendants entered into a settlement agreement, and the trial court entered a final order dismissing the case with prejudice. On appeal, plaintiff claims the trial court erred when it granted BCC's motion for summary disposition on the premises liability, nuisance, and active negligence claims.

## II. STANDARD OF REVIEW

This Court reviews de novo rulings on a motion for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 469 (2003). In ruling on a motion under MCR 2.116(C)(10), a trial court may "consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

## III. ANALYSIS

## A. PREMISES LIABILITY

Plaintiff first argues the trial court erred when it granted BCC's motion for summary disposition on the premises liability claim. We disagree.

Michigan courts have well established the rule that "[p]remises liability is conditioned upon the presence of both possession and control over the land." *Kubczak v Chemical Bank & Trust Co*, 456 Mich 653, 660; 575 NW2d 745 (1998) (quotation marks and citation omitted); see also *Orel v Uni-Rak Sales Co*, 454 Mich 564, 568; 563 NW2d 241 (1997). A person or entity with possession and control over the land is "normally best able to prevent any harm to others." *Orel*, 454 Mich at 568, quoting *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980). Our Supreme Court has defined a "possessor" as (1) "a person who is in occupation of the land with intent to control it," (2) "a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it," or (3) "a person who is entitled to immediate occupation of the land, if no other person is in possession" as stated under the first two provisions. *Orel*, 454 Mich at 568, quoting *Meritt*, 407 Mich at 552. Conflicting evidence as to possessor of the property should be a question submitted to the jury with the proper jury instruction. *Orel*, 454 Mich at 569.

A plaintiff may only maintain a premises liability action if the defendant owed a legal duty to the plaintiff. *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Hampton v Waste Mgt of Michigan, Inc*, 236 Mich App 598, 603; 601 NW2d 172 (1999). A person's status is one of three possibilities: (1) a trespasser, (2) a licensee, or (3) an invitee. *Stanley v Town Square Cooperative*, 203 Mich App 143, 146; 512 NW2d 51 (1993).

Thus, in analyzing a premises liability claim, this Court must first determine which party was in possession and control of the land at issue. Plaintiff claims that BCC had at least joint possession and control over the loft from which plaintiff fell. This argument is without merit.

In this case, the premises at issue is the barn. There was a vast amount of testimony relating to the access, possession, and control of different areas of the barn. As the trial court properly noted, the area of greatest importance was the loft from which plaintiff fell. The testimony regarding the barn generally, and the loft in particular, was clear and unequivocal. First, Nathan personally signed a lease with William. Neither BCC nor Burkeen Home Improvement were parties to the lease agreement. According to the lease, Nathan had full access to the barn. William and Nathan both testified that they would occasionally store surplus materials and tools in the barn that were used during the course of BCC's and Burkeen Home Improvement's construction jobs. They also testified that William used the east end of the barn, and Nathan used the west end of the barn, which is also where the loft is located. Even more important, Nathan testified that he had built the loft without William's input and for Nathan's sole personal use. In fact, Nathan said that his weight bench was in the loft at the time of the incident, and his sister, Laura Burkeen, had stored some items there in the past. It was clear from the testimony that Nathan was the only person in possession and control of the loft at the time of the incident.

The record evidence further indicated that BCC had not utilized the loft for any reason. There was no evidence that BCC's supplies were stored in the loft, and there was no testimony that William ever used the loft for any BCC projects. While plaintiff alleged that the photographs showed materials located in the loft, there was no testimony that suggested those materials belonged to BCC. Instead, Nathan testified that he solely utilized the loft. Additionally, Nathan testified that he built the loft himself, using wood taken from past projects. While it was unclear whether Nathan obtained materials from BCC projects, there was no evidence that the loft was ever utilized for BCC's business.

When considering the three possible definitions of a "possessor," it is clear that Nathan, not BCC, qualified as a possessor of the loft. First, Nathan was "in occupation" of the loft and had the "intent to control it." Second, even if William had at some point occupied the loft area, it was clear from the testimony that Nathan was the most recent individual to have the intent to control the loft, considering he had stored a personal weight bench in the loft. Finally, even if William is ultimately entitled to possession and control of the barn, including the loft, by virtue of his property ownership, Nathan was clearly the possessor of the loft at the time of the incident. Therefore, because there is no genuine issue of material fact that Nathan was in sole possession and control of the loft from which plaintiff fell, the trial court properly granted summary disposition in favor of BCC on the premises liability claim. Thus, we need not reach the remaining inquiries under the premises liability analysis.

## B. ATTRACTIVE NUISANCE

Plaintiff also argues the trial court erred when it granted BCC's motion for summary disposition on the nuisance claim. We disagree.

"Pursuant to the attractive nuisance doctrine, . . . the landowner is liable for harm caused by a dangerous artificial condition located where children are known to trespass if children would not likely realize the danger and the owner fails to use reasonable care to eliminate a danger whose burden outweighs its benefit." *Bragen v Symanzik*, 263 Mich App 324, 328; 687 NW2d 881 (2004). We have relied on the Restatement of Torts to analyze a claim under the attractive nuisance doctrine:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

-4-

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children. [*Rand v Knapp Shoe Stores*, 178 Mich App 735, 740-741; 444 NW2d 156 (1989), quoting Restatement of Torts, 2d, § 339.]

According to *Rand*: "[a]ll five conditions must be met in order for a possessor of land to be held liable for injury to a trespassing child. At the onset, liability under this rule is imposed only where the injury is caused by an 'artificial condition.' " *Rand*, 178 Mich App at 741 (citation omitted). Actual notice of children being likely to trespass is not necessary, rather, "it is enough that [the] defendants have reason to know that children are likely to trespass." *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 179; 475 NW2d 854 (1991).

As with a premises liability claim, to succeed on an attractive nuisance theory, a plaintiff must prove possession. Because we have determined that BCC did not have possession and control of the loft from which plaintiff fell, the attractive nuisance claim similarly fails. There is no genuine issue of material fact as to this issue, and summary disposition was proper.

## C. ACTIVE NEGLIGENCE

Lastly, plaintiff argues that BCC is liable on a theory of active negligence because Nathan's negligent design and construction of the loft should be imputed to BCC because he worked in no other capacity than as a laborer for BCC. We disagree.

First and foremost, plaintiff fails to provide any legal support for the position that Nathan's negligence can be imputed to BCC on an active negligence theory. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Regardless, this argument fails.

We have long distinguished between claims arising from ordinary negligence and claims premised on a condition of the land. *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). In *Buhalis*, this Court held that the plaintiff could not recover on a negligence claim against the defendant when the defendant's employee allegedly created the icy condition that caused the injury. *Id*. Therefore, even if we accepted plaintiff's argument that Nathan was a

"laborer" for BCC and created the dangerous condition on the land, any recovery against BCC would have to sound in premises liability—not ordinary negligence.  Therefore, this claim fails.[1]

Affirmed.

/s/ Thomas C. Cameron
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[1] Plaintiff also argued on appeal that BCC was in a "special relationship" with plaintiff because she entrusted herself to the control and protection of BCC, and therefore, BCC owed a duty of care to protect her from dangerous conditions on the property.  We need not address this issue because it was not preserved below, *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008), and it was not stated as an issue in the statement of the questions presented on appeal, MCR 7.212(B)(5).