# STATE OF MICHIGAN

# COURT OF APPEALS

HEATHER GRACE GIAMMARCO,

     Plaintiff-Appellant,

v

DIVERSE FACILITY SOLUTIONS, INC.,

     Defendant-Appellee.

UNPUBLISHED
June 12, 2018

No. 338025
Wayne Circuit Court
LC No. 15-016616-NO

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff, Heather Grace Giammarco, appeals as of right from the trial court's order granting summary disposition in favor of defendant, Diverse Facility Solutions, Inc., in this premises liability case. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On November 2, 2014, plaintiff was injured when she fell on some water on the floor of the airport concourse after disembarking from a flight at Detroit-Metropolitan Airport. According to her deposition testimony, plaintiff was travelling home from Sarasota, Florida with her friend, Suzanne Narloch, and their plane landed at approximately 11:30 p.m. According to plaintiff, she was walking along the concourse, and all of a sudden she fell. In plaintiff's words, "I was walking[,]" and "[a]ll of a sudden I was on the floor and that was basically it, walking and fell." While plaintiff does wear eyeglasses for distance, she was not wearing them when she fell, she had not had any alcohol to drink that day, and she had her cellular telephone in her hands, but she was not texting or talking on her cellular telephone when she was walking. As she was walking on the concourse, plaintiff was watching where she was going, and there was nothing obstructing her view of where she was walking. Immediately after she fell, plaintiff's knee hurt, and she could not get up on her own and needed the assistance of a police officer to get up. Plaintiff also testified that she is well-familiar with the area where she fell, having been there before many times.

When Officer Scott Hunter with the Wayne County Airport Authority Police Department arrived on the scene, he noticed plaintiff in a seated position on the ground close to where she had fallen, he observed her to be "somewhat" in pain, and she had abrasions on her knee and her knee was swollen. Officer Hunter completed a police report which stated that plaintiff "slipped in water and fell on her right knee." Officer Hunter also observed "a streak of water" where

plaintiff fell that was "approximately [four] to [five] feet long." Officer Hunter's report indicated that there were no caution signs near where plaintiff fell, and that he called for a cleaning crew to have the water mopped up. During his deposition testimony, Officer Hunter agreed with plaintiff's counsel that the streak of water appeared to have been left behind by a cleaning crew.

On December 21, 2015, plaintiff filed a two-count complaint against defendant alleging negligence and nuisance. Only her claim alleging negligence is at issue in this appeal. With regard to her negligence claim, plaintiff alleged, in pertinent part, that defendant was negligent in "failing to maintain the premises in a reasonably safe condition[,]" and that defendant failed to warn plaintiff of the presence of water on the floor.

On January 24, 2017, defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10), asserting that the alleged hazard that led to plaintiff's injuries, the presence of water on the airport concourse floor that plaintiff slipped on, "was open and obvious as a matter of law."[1] In its brief in support of the motion, defendant claimed that the standing water was an open and obvious condition, and that as a result, defendant did not have a duty to warn plaintiff of the alleged hazard. Noting that it was a subcontractor, defendant claimed that "[a]s the entity in possession of the subject premises [where plaintiff fell]," with control and possession of that area of the concourse, it could raise the fact that the alleged hazard was open and obvious as a defense to plaintiff's premises liability claim. Defendant further asserted that where (1) plaintiff testified during her deposition that she could see the water that she slipped on in a photograph taken shortly after her fall, and (2) Officer Hunter noted the presence of the water in his police report following plaintiff's fall, the alleged hazardous condition was one where an "ordinary person of average intelligence could discover the danger and the risk presented upon casual inspection[,]" and it was therefore open and obvious. Defendant also pointed out that the alleged hazard did not contain any special aspects that would remove it from the ambit of the open and obvious doctrine. In its brief in support of its motion for summary disposition, defendant also argued that count I of plaintiff's complaint alleging negligence was "[i]mproper" where it alleged that plaintiff's injuries were caused by a dangerous condition on land, and sounded in premises liability instead of negligence.[2]

In her response to defendant's motion for summary disposition, plaintiff noted that defendant was the floor cleaning company that the Wayne County Airport Authority hired to provide floor maintenance at the airport, a fact that the parties did not dispute. Plaintiff also

---

[1] Defendant's second motion for summary disposition followed its initial motion for summary disposition filed on October 24, 2016, arguing that the open and obvious doctrine insulated defendant from liability. Following a hearing on defendant's motion on January 12, 2017, the trial court denied defendant's motion without prejudice, noting that defendant had contended, without legal support, that it was a possessor or occupier of the concourse where plaintiff fell, and that the governing law on premises liability law should apply.

[2] Defendant's arguments in its reply brief in the trial court echoed its arguments made in its brief supporting its motion for summary disposition.

argued that the issue of possession was a factual question for the jury, and that possession should be "assessed at the time of Plaintiff's fall and/or injuries."[3]  Plaintiff also claimed that in a premises liability action, she was not precluded from bringing a separate claim alleging negligence on the basis of defendant's conduct.  Plaintiff also asserted that her claim did not sound in premises liability, and that she had properly alleged negligence against defendant. Plaintiff also contended that the open and obvious doctrine did not operate to bar her claims where she alleged negligence rather than premises liability.

During a hearing on defendant's motion on March 23, 2017, the trial court ruled, in pertinent part, as follows from the bench:

> The first issue is whether plaintiff can avoid the open and obvious defense to a premise[s] liability claim by alleging negligence instead of premise[s] liability.  Plaintiff's position is that the defendant was not an owner or possessor of the premises.  Therefore, the premise[s] liability doctrines don't apply. Plaintiff is suing about a condition on the land, even though she calls her claim ordinary negligence and specifically asserts that it is not premise[s] liability, this does not matter.  The courts are not bound by the labels that the parties attach to their claims[.] . . .  It's well settled that the gravamen of an action is determined by reading the complaint as a whole and by looking beyond mere procedural labels to determine the exact nature of the claim. . . .  Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land.  And I think that's where the problem for plaintiff is here. . . . .  If the plaintiff's injury arose from the allegedly dangerous condition on the land[,] the action sounds in premises liability rather than ordinary negligence. And this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. . . .  Therefore, it doesn't matter what plaintiff titles her counts in her complaint[.]  [I]f the gravamen of the action assumes a condition on the land[,] then the proper action is exclusively one in premise[s] liability, and the law on premise[s] liability does apply.  Plaintiff cites [*Jahnke v Allen*, 308 Mich App 472; 865 NW2d 49 (2014)] to support her claim of ordinary negligence.  But that case cites [*Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685; 822 NW2d 254 (2012)] and the rule of law, that if the case arises from a condition on the land then it is a premise[s] liability action. And the open and obvious doctrine cannot be avoided by alleging ordinary negligence.
>
> That case states that in a premise[s] liability action the plaintiff must prove the elements of negligence and the existence of a legal duty as a question of law for the court, and a possessor of land is not an absolute insurer of the safety of the

---

[3] Plaintiff also claimed that where the record evidence confirmed that defendant possessed or controlled the area where plaintiff fell at the time of her fall, plaintiff was entitled to partial summary disposition on this issue pursuant to MCR 2.116(I)(2).

invitee. Generally an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. Absent special aspects this duty does not extend to the open and obvious dangers. The open and obvious doctrine should not be viewed as some type of exception to the duty generally owed invitees, but rather as an integral part of the definition of that duty.

So, defendant argues that the condition of standing water was open and obvious and nothing obstructed plaintiff's view of the floor. It was visible to plaintiff after she fell. It was visible to the police officer investigating the fall. It is visible in the photo taken by [plaintiff's] friend after the fall.[4] . . . So, therefore, at this point I am going to grant defendant's motion. The plaintiff's complaint does sound [in] premise[s] liability, and the condition was open and obvious. [Citations omitted; footnote added).]

The trial court subsequently entered an order granting defendant's motion for summary disposition on April 3, 2017. Plaintiff now appeals as of right.

## II. STANDARD OF REVIEW

In *Lockwood v Twp of Ellington*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 338745); slip op at 4-5, this Court recently set forth the legal principles governing our review of a motion for summary disposition brought pursuant to MCR 2.116(C)(10):

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted), and should be granted where "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). . . . "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might

---

[4] The portion of the trial court's ruling addressing plaintiff's nuisance claim is omitted where it is not at issue in this appeal.

differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).

If, after careful review of the evidence, it appears to the trial court that there is no genuine issue of material fact and the opposing party is entitled to judgment as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2). *Holland v Consumers Energy Co*, 308 Mich App 675, 681-682, 866 NW2d 871 (2015), aff'd *City of Coldwater v Consumers Energy Co*, 500 Mich 158; 895 NW2d 154 (2017).

## III. ANALYSIS

### A. THE NATURE OF PLAINTIFF'S CLAIM

In the trial court, as in this Court, the parties dispute the application of the open and obvious doctrine under the facts of this case, where defendant was hired by the Wayne County Airport Authority to clean the floor in the airport concourse where plaintiff fell. According to plaintiff, the trial court erred in concluding that her claim sounded in premises liability and in ultimately applying the open and obvious doctrine, where plaintiff had alleged negligence against defendant. However, as the trial court correctly recognized, the mere fact that plaintiff styled her claim as alleging negligence is not determinative. Instead, this Court has very recently recognized that where a plaintiff's claim is "based on an injury received from a *condition* of the property[,]" the claim is properly characterized as one alleging premises liability. *Finazzo v Fire Equipment Co & Low Voltage Technologies, Inc*, ___ Mich App ___, ___; ___ NW2d ____ (2018) (Docket No. 338421); slip op at 3 (emphasis in original).

In *Finazzo*, the plaintiff was working as a security guard at a business, ITC, in Ann Arbor, Michigan. *Id*. at ___; slip op at 1. ITC had contracted with the defendant Fire Equipment Company (FEC) to install a fire suppression system, and FEC had subcontracted with the defendant Low Voltage Technologies, Inc., (LVT) to perform its necessary electrical work. *Id*. As the defendants performed their work, a 40-foot long cable, which was approximately one-half to one-inch thick, lay on the floor near where the defendants were performing their work. *Id*. The plaintiff's injury took place outside of ITC's computer room, which was secured with a locked door and required an access card for entry. *Id*. Before the plaintiff was injured, many people had gone in and out of the computer room without incident. The plaintiff was injured when he stepped on the cable and fell, injuring himself. *Id*.

This Court held that where the plaintiff's claim stemmed from a condition of the ITC property, the cable lying on the floor, the plaintiff's injury "arose from an allegedly dangerous condition on the land," and his action was grounded in premises liability rather than ordinary negligence. *Id*. at ___; slip op at 3.

Because plaintiff's injury arose from an allegedly dangerous condition on the land, his action "sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012); see also *Kachudas v*

*Invaders Self Auto Wash, Inc*, 486 Mich 913; 781 NW2d 806 (2010). [*Finazzo*, ___ Mich App at ___; slip op at 3.]

Similar to the plaintiff in *Finazzo*, plaintiff in this case has alleged that she was injured as a result of standing water on the floor of the airport concourse. Accordingly, where plaintiff's injuries "arose from an allegedly dangerous condition on the land," *id.*, we agree with the trial court's conclusion that her claim was based in premises liability rather than ordinary negligence.[5] Thus, we now turn to the question whether the trial court correctly determined that the open and obvious doctrine barred plaintiff's claim.[6]

### B. APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE

As the *Finazzo* Court recently articulated, "[a] condition of the land is open and obvious when 'it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection.'" *Finazzo*, ___ Mich App at ___; slip op at 3, quoting *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012).

> Generally, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001). But this duty does not extend to having to remove open and obvious dangers absent the presence of special aspects. *Id*. at 516-517; *Buhalis*, 296 Mich App at 693. Special aspects exist and impose a duty of care to

---

[5] Accordingly, while plaintiff directs our attention to *Laier v Kitchen*, 266 Mich App 482, 490; 702 NW2d 199 (2005) (opinion of NEFF, J.), asserting that the open and obvious doctrine will not extend to a claim alleging ordinary negligence, plaintiff's argument is not persuasive where the trial court correctly concluded that her claim sounded in premises liability. In *Laier*, JUDGE HOEKSTRA agreed with the lead opinion that the open and obvious doctrine is not applicable in a claim alleging ordinary negligence. *Laier*, 266 Mich App at 502 (opinion of HOEKSTRA, P.J.). Likewise, plaintiff's reliance on *Kessler v Visteon Corp*, 448 F3d 326, 335 (CA 6, 2006), where the Court declined to extend the open and obvious doctrine to a claim based on an ordinary negligence theory, is also unavailing with respect to her premises liability claim.

[6] While plaintiff points to *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157; 809 NW2d 553 (2011) asserting that it supports the imposition of a duty on behalf of defendant in this case, plaintiff's argument is misplaced, where the dispositive issue here is not whether defendant owed plaintiff a duty of care, but whether, under the circumstances of this premises liability case, defendant is protected from liability by operation of the open and obvious doctrine. Conversely, in *Loweke*, the Michigan Supreme Court held that where a contracting party assumes contractual obligations, this will not extinguish or limit "separately existing common-law or statutory tort duties owed to noncontracting third parties in the performance of the contract." *Id*. at 159. Whether defendant owed plaintiff a duty outside of its contractual obligations is not the dispositive issue in this case, and plaintiff's reliance on *Loweke* unnecessarily muddies our analysis.

protect those lawfully on the premises even if a hazard is open and obvious when the condition is effectively unavoidable or imposes an unreasonably high risk of severe harm. *Hoffner*, 492 Mich at 461; *Lugo*, 464 Mich at 517-518. [*Finazzo*, ___ Mich App at ___; slip op at 3.][7]

In *Finazzo*, this Court recognized that, pursuant to 2 Restatement Torts, 2d, § 384, p 289, the defendants in that case, making changes to the property on behalf of ITC, were subject to the same liability, *and enjoyed the same protection from liability*, as though they were the possessors of the land. *Finazzo*, ___ Mich App at ___; slip op at 3. The *Finazzo* Court recounted that to be held liable under a premises liability theory, a party had to both possess and control the property at issue, "but not necessarily be its owner." *Id*. The rationale underlying this rule is that where a party is in possession, he occupies a position of control, and is "*normally* best able to prevent any harm to others." *Id*. quoting *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980), in turn quoting Prosser, Torts (4th ed), § 57 p 351 (emphasis in original).

According to the *Finazzo* Court, where possession and control are indeed hallmarks of title ownership, they are "possessory rights [that] can be 'loaned' to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility." *Finazzo*, ___ Mich App at ___; slip op at 4, quoting *Merritt*, 407 Mich at 552-553. Where possessory rights are loaned to a third party, a correlation will follow between "control and possession" and the accompanying duty to make the premises safe. *Finazzo*, ___ Mich App at ___; slip op at 4, quoting *Orel v Uni-Rak Sales Co*, 454 Mich 564, 567 n 2; 563 NW2d 241 (1997). Thus, where a property possessor loans part of its possession and control to another party, that party will bear responsibility for the care of invitees on the premises with regard "to that part of possession and control conferred." *Finazzo*, ___ Mich App at ___; slip op at 4. Specifically, the *Finazzo* Court turned to 2 Restatement Torts, 2d, stating specifically:

> *One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.* [*Finazzo*, quoting 2 Restatement Torts, 2d, § 384, p 289 (emphasis added).]

In *Finazzo*, the Court concluded that imposition of liability on the defendants pursuant to 2 Restatement Torts, 2d, § 384 "with respect to their work on the premises while installing the fire suppression system" was appropriate and "consistent with the general principle that liability for a dangerous condition should fall on the party having [the] power to prevent injury to others on the premises." *Finazzo*, ___ Mich App at ___; slip op at 5. This is important because once liability was imposed pursuant to a premises liability theory, such liability "would not extend to open and obvious conditions that are effectively avoidable and do not impose an unreasonably high risk of severe harm." *Id*. Put another way, consistent with the rule set forth in 2 Restatement Torts, 2d § 384, p 289, the party who is erecting a structure or creating any other

---

[7] The parties do not dispute that plaintiff was an invitee.

condition on the land, will be subjected to the same liability, and in turn be protected from liability, as if in fact the possessor of the land. *Finazzo*, ___ Mich App at ___; slip op at 4. Thus, in *Finazzo*, the defendants were able to assert that they should not be held liable for the allegedly dangerous condition on the land where it was in fact open and obvious. *Id*. at __; slip op at 5. In *Finazzo*, this Court ultimately agreed with the trial court's determination in that case that genuine issues of material fact did not exist with regard to the open and obvious nature of the hazardous condition at issue. *Id*. This Court reached such a conclusion where the record evidence confirmed that the plaintiff in that case was warned of the cable, he saw the cable being placed on the floor, and he could have easily avoided the cable, and protected himself by stepping over it. *Id*.

The instant facts are somewhat distinguishable from those set forth in *Finazzo*, where defendant was not "erect[ing] a structure" or "creat[ing] any other condition on the land" as contemplated by 2 Restatement Torts, 2d, § 384. However, we are satisfied that the same reasoning that the *Finazzo* Court employed in applying the rule set forth in § 384 of 2 Restatement Torts, 2d is applicable here, particularly where the record evidence demonstrates that defendant had possession and control of the area in question as part of its cleaning responsibilities,[8] it was responsible for cleaning the area with "methods that were under [its] control," and therefore defendant was in the best position to prevent harm to others. *Finazzo*, ___ Mich App at ___; slip op at 3, 5. Similarly, the principles of law underlying § 384 that the *Finazzo* Court determined to be consistent with prior rulings of the Michigan Supreme Court, (1) that a property possessor may loan part of its possession and control over the premises to another, (2) making that party responsible for the care of invitees concerning that part of the possession and control given to that party, are also applicable here, where defendant was responsible for cleaning the area where plaintiff fell, and also for making it safe while doing so. *Finazzo*, ___ Mich App at ___; slip op at 4.[9]

We also agree with the trial court's determination that the record did not yield genuine issues of material fact concerning whether the alleged hazardous condition leading to plaintiff's fall was open and obvious. During her deposition, plaintiff reviewed photographs taken by Narloch shortly after her fall, and plaintiff answered, "I believe so[,]" when questioned by defense counsel if the strip of water depicted in photograph six was present at the time that plaintiff fell. Officer Hunter's report, completed shortly after plaintiff's fall, also noted the

---

[8] Notably, the record evidence showed that the streak of water was consistent with being left behind by defendant, a company hired to clean and maintain the airport concourse floor, and that after plaintiff fell, staff were called to mop up the standing water on the floor.

[9] Additionally, section 383 of 2 Restatement Torts, 2d provides as follows:

> One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land. [Emphasis added.]

existence of "a streak of water" where plaintiff fell that was "approximately [four] to [five] feet long." Officer Hunter also testified that the streak of water appeared to be left behind after a cleanup crew had worked on the area. Under these circumstances, we agree with the trial court's assessment that the presence of the water on the concourse floor where plaintiff fell was such that it was "'reasonable to expect that an average person with ordinary intelligence would have discovered [the water] upon casual inspection.'" *Finazzo*, ___ Mich App at ___; slip op at 3, quoting *Hoffner*, 492 Mich at 461. Moreover, the record does not reflect that any special aspects existed with regard to the alleged hazard in this case, and plaintiff does not raise an argument concerning the presence of such special aspects. *Lugo*, 464 Mich at 518-519. Therefore, the trial court correctly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).

Advancing a creative argument in an attempt to challenge the trial court's granting of summary disposition, plaintiff points to the Michigan Supreme Court's decision in *Orel*, arguing that where factual disputes existed with regard to who was in possession of the area where plaintiff fell, the trial court should have not granted summary disposition, and the question of possession should have been left to the jury to decide. However, a close review of *Orel* reveals that plaintiff's reliance on that case is not successful and does not impact our disposition of this appeal. In *Orel*, also a premises liability case, following a jury trial that resulted in a verdict in favor of the defendant, the plaintiff argued on appeal to this Court that the trial court erred in its instructions to the jury on the law of possession where the record evidence at trial demonstrated that the defendant was the possessory landowner. *Orel*, 454 Mich at 566. This Court agreed with the plaintiff and reversed, concluding that the jury was improperly instructed with respect to the law of possession where the record evidence confirmed that the defendant possessed the subject premises as a matter of law and the evidence did not support the jury instruction. *Id*. After citing earlier precedent from the Michigan Supreme Court holding that "[p]remises liability is conditioned upon the presence of both possession and control over the land[,]" the Michigan Supreme Court in *Orel* observed that an invitor will only be held liable if it is a possessor. *Id*. at 568-569. The *Orel* Court also ruled that the trial court properly instructed the jury with regard to the law of possession in that case where the record evidence was such that the jury could have concluded that the defendant did not possess and control the area where the plaintiff fell and was injured. *Id*. at 568-569. In reaching this conclusion, the *Orel* Court ruled, in pertinent part, as follows:

> The jury should be given the instruction in SJI2d 19.02 when there is a dispute regarding who possessed the land at the time of the plaintiff's injury. Who had possession of a piece of land presents a factual issue for resolution by the jury. If there is no dispute, then the instruction should not be given. [*Orel*, 454 Mich at 569 (footnote omitted).]

According to plaintiff in this case, where factual disputes existed concerning who possessed the concourse area where plaintiff fell, pursuant to *Orel*, this case was not the proper subject of an order granting summary disposition, and the case should have gone to the jury. *Orel* does not mandate such an outcome. Notably, the *Orel* Court's reasoning cited above supported its ultimate holding that "the invitee status of a plaintiff, alone, does not create a duty under premises liability law unless the invitor has possession and control of the premises on which the plaintiff was injured." *Id*. at 565. In *Orel*, a "contested issue at trial" was whether the

defendant, who owned the land where the plaintiff fell, was in possession of the land at the time that the plaintiff fell to the extent that it could be held liable for the plaintiff's injuries. *Id*. at 569. Conversely, in this case, plaintiff's argument that the issue of defendant's possession of the concourse is contested is perplexing at best and simply not persuasive, given that if defendant were *not* in possession of the area of the concourse where plaintiff fell, there would be no basis in law for holding defendant liable for plaintiff's injuries in this case where the thrust of plaintiff's claim is that she was injured as a result of an allegedly dangerous condition on the airport concourse that defendant caused. While plaintiff relies on *Orel* in a clear attempt to avoid the application of the open and obvious doctrine, *Orel* is both factually and legally distinguishable and does not support plaintiff's position.

## IV. CONCLUSION

We affirm the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-10-