*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH AUDETTE and MELISSA AUDETTE,

      Plaintiffs-Appellants,

v

TBWC PROPERTIES, INC., and MACKINAW
BAY WATERPARK, INC.,

      Defendants-Appellees.

UNPUBLISHED
December 21, 2023

No. 362280
Cheboygan Circuit Court
LC No. 21-008860-NI

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this premises-liability action, plaintiffs Joseph and Melissa Audette appeal by right the trial court's order granting summary disposition in favor of defendant TBWC Properties, Inc., under MCR 2.116(C)(10).[1]  We affirm.

## I.  BACKGROUND

Plaintiff Joseph allegedly tripped and fell on a ramp leading to the hotel room that he and his wife, Melissa, were staying in.  According to plaintiffs, protruding metal screws on the ramp caught on Joseph's sandals, leading to his fall.  The hotel, Fairview Beachfront Inn & Waterpark, was owned by TBWC but leased to Mackinaw Bay at the time of the alleged injury.  Relevant to this appeal, ¶¶ 15 and 26 of the lease provided:

> (15)  Except as provided in Paragraph 13 hereof, the Tenant further covenants and agrees that he will, at his own expense, during the continuation of this lease, keep the said premises and every part thereof in as good repair, and at the expiration of term yield and deliver up same in like condition, as when taken, reasonable use and wear thereof and damage by the elements excepted.  The

---

[1] The order also granted summary disposition to defendant Mackinaw Bay Water Park, Inc. under MCR 2.116(C)(7) (statute of limitations), which plaintiffs do not appeal.

[T]enant shall not make any alterations, addition or improvements to said premises without the Landlord's written consent . . . .

The Tenant covenants and agrees that if the demised premises consist of only part of a structure owned or controlled by the Landlord, the Landlord may enter the demised premises at reasonable times and install or repair pipes, wires and appliances or make any repairs deemed by the Landlord essential to the use and occupancy of other parts of the Landlord's building.

* * *

(26) The Landlord shall have the right to enter upon the leased premise at all reasonable hours for the purpose inspecting. If the Landlord deems any repairs necessary, he may demand that the Tenant make repairs. If the Tenant refuses or neglects forthwith to commence such repairs and complete with reasonable dispatch the [L]andlord may make or cause to be made such repairs and shall not be responsible to the Tenant for any loss or damage that may accrue to his stock or business by reason thereof . . . .

TBWC and Mackinaw Bay are separate corporate entities that have the same president, resident agent, and directors, but the exact ownership structure of these entities is unclear from the record. Originally, plaintiffs sued only TBWC for premises liability. TBWC later filed a notice of nonparty at fault under MCL 600.2957 and MCR 2.112(K), but this notice was filed after the 91-day time limit set by MCR 2.112(K)(3)(c). Plaintiffs amended their complaint to include Mackinaw Bay as a defendant but later sought to strike TBWC's notice of nonparty at fault because TBWC failed to follow the 91-day requirement.

TBWC moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that there was no genuine issue of material fact regarding whether it lacked possession and control over the premises because the premises were leased to Mackinaw Bay at the time of Joseph's alleged fall.[2] The trial court granted TBWC's motion for summary disposition under MCR 2.116(C)(10), reasoning that there was no genuine issue that TBWC did not possess or control the premises at the time of the alleged fall.

II. ANALYSIS

A. STANDARD OF REVIEW

We review de novo the trial court's decision on a motion for summary disposition. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any

---

[2] Mackinaw Bay moved for summary disposition under MCR 2.116(C)(7) and (C)(10), contending that if the notice of nonparty at fault was struck for being untimely, plaintiffs' claim against Mackinaw Bay was barred by the statute of limitations. The trial court struck the notice of nonparty at fault and granted Mackinaw Bay's motion for summary disposition.

material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. This Court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416. Finally, leases are interpreted using principles of contract law, see *G & A Inc v Nahra*, 204 Mich App 329, 330; 514 NW2d 255 (1994), and we review de novo the interpretation of a contract, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

## B. PREMISES LIABILITY

Plaintiffs argue that there was a question of material fact regarding whether TBWC or Mackinaw Bay possessed and controlled the premises at the time of Joseph's alleged injury.

Michigan law distinguishes between premises-liability actions and those of ordinary negligence, and, "[w]hen it is alleged that the plaintiff's injuries arose from a dangerous condition on the land, the claim is one of premises liability rather than one of ordinary negligence." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021). "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430) (quotation marks and citation omitted). "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Id*. (quotation marks and citation omitted). In premises-liability actions, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. at 692. The parties do not dispute that plaintiffs were invitees.

The parties dispute whether TBWC possessed the premises at the time of Joseph's injuries. Our Supreme Court defined a premises possessor as "(a) a person who is in occupation of the land with intent to control it"; "(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it"; or "(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b)." *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980) (quotation marks and citation omitted). Possession may be joint. See *id*. at 553. "Ownership alone is not dispositive." *Id*. at 552. Moreover, possession may be " 'loaned' to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility." *Id*. at 552-553.

Plaintiffs appear to argue there was at least a question of fact regarding whether the entities should be treated as the same corporate entity because, according to plaintiffs, Mackinaw Bay was a mere "shell corporation" used by TBWC to obscure ownership and control of the premises. However, apart from these contentions, plaintiffs provide *no* relevant legal principles to explain

what basis their position has in law.[3] Similarly, plaintiffs have offered no evidence relative to whether these corporate structures were unlawfully used. "Michigan law respects the corporate form, and our courts will usually recognize and enforce separate corporate entities." *Gallagher v Persha*, 315 Mich App 647, 653-654; 891 NW2d 505 (2016). Nonetheless, "when the *requisite evidence establishes that the corporate form has been abused*, the corporate form will be pierced so that creditors (and sometimes others) can seek payment of a corporate debt (like the judgment in this case) from a responsible corporate shareholder." *Id*. at 654 (emphasis added). No such evidence has been offered by plaintiffs.

Next, plaintiffs argue that the lease between TBWC and Mackinaw Bay created an issue of fact regarding whether TBWC was required to maintain the premises.

Although "a landlord may be held liable for an unreasonable risk of harm caused by a dangerous condition in the areas of common use retained in his control such as lobbies, hallways, stairways and elevators," "[t]he landlord *is not liable* for injuries that occur *within the boundaries* of the leased premises." *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499 & n 10; 418 NW2d 381 (1998) (emphasis added). See also *Bailey v Schaaf*, 494 Mich 595, 609 n 36; 835 NW2d 413 (2013) (stating that "a landlord's duty does not extend to the areas within a tenant's leasehold, because the landlord has relinquished its control over that area to the tenant"). The Supreme Court has further stated, in the context of a nuisance claim, that without "a contract duty on the part of the owner or landlord, the tenant, as between himself and the landlord, is bound to keep the leased premises in repair [and] *the owner is not liable* for damages to third persons for injuries arising from the neglect of the tenant to repair." *Sholberg v Truman*, 496 Mich 1, 10; 852 NW2d 89 (2014) (emphasis added).

Neither party argues that there were common areas under TBWC's control. Instead, the parties dispute whether the lease required TBWC to inspect and maintain the premises in good repair or whether this was left to Mackinaw Bay. The interpretation of a contract is a question of law, *Port Huron Ed Ass'n, MEA/NEA v Port Huron Area Sch Dist*, 452 Mich 309, 323; 550 NW2d 228 (1996), and if a contract is unambiguous, it "must be interpreted according to its plain and ordinary meaning," *Wells Fargo Bank, NA v Cherryland Mall Ltd Partnership (On Remand)*, 300 Mich App 361, 386; 835 NW2d 593 (2013) (quotation marks and citation omitted). The parties have never challenged the lease on the basis of it being ambiguous.

Plaintiffs focus on ¶¶ 15 and 26 of the lease to support their position that TBWC retained the duty of maintaining the premises in good repair. However, ¶ 15 provided that Mackinaw Bay, the tenant, "*will*, at [its] own expense, during the continuation of this lease, keep the said premises and every part thereof in as good repair . . . ." This explicitly required *Mackinaw Bay*, not TBWC, to maintain the premises in good repair. Although the paragraph prohibited Mackinaw Bay from making "any alterations, addition or improvements to said premises without the Landlord's written consent," this had no bearing on the requirement to *maintain* the premises in good repair.

---

[3] Plaintiffs do cite *Orel v Uni-Rak Sales Co, Inc*, 454 Mich 564, 569; 563 NW2d 241 (1997), for the assertion that, if there is a dispute regarding possession of the premises, a jury should be read a certain jury instruction. However, *Orel* does not address "shell corporations" or any of plaintiffs' other primary contentions.

Additionally, the remainder of this paragraph merely gave TBWC a right of entry to make improvements or repairs if it chose to do so. There was no requirement or affirmative duty for TBWC to do so. Similarly, ¶ 26 merely gave TBWC a right of entry to inspect and require Mackinaw Bay to make repairs, *if* TBWC chose to exercise this right. The paragraph contains no mandatory language *requiring* TBWC to inspect or maintain the premises in good repair. Rather, ¶ 15 gave this explicit duty to Mackinaw Bay.

Plaintiffs have failed to demonstrate that the trial court's interpretation of the lease was erroneous. TBWC leased the premises to Mackinaw Bay, and Mackinaw Bay, as the tenant, had exclusive possession and control at the time of Joseph's alleged fall. TBWC did not retain any contractual duty to control, inspect, or maintain the premises; instead, the duty to maintain the premises fell to Mackinaw Bay.

Finally, plaintiffs advance somewhat perplexing arguments concerning the special-aspects exception to the open-and-obvious doctrine and the requirement for public facilities to maintain a barrier-free design pursuant to MCL 125.1352(1). Neither position was raised in the trial court. "In civil cases, Michigan follows the raise or waive rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2. "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Id*. at ___; slip op at 3. We decline to address these two issues.

Instead, we simply note that the special-aspects exception to the open-and-obvious doctrine was not at issue as defendants never raised the doctrine in their motions for summary disposition, and the trial court did not base its ruling on it. With respect to MCL 125.1352(1), which concerns accessibility for physically limited persons, there has been no claim or suggestion that either of the plaintiffs are "physically limited persons" or that Joseph's alleged fall was a result of the failure to comply with these statutes. See MCL 125.1352(1) (providing that "[a] public facility or facility used by the public the contract for construction of which or the first contract for construction of a portion of which is made after July 2, 1974, shall meet the barrier free design requirements contained in the state construction code.") and MCL 125.1351(b) (defining " 'barrier free design' " to be "those architectural designs which eliminate the type of barriers and hindrances that deter physically limited persons from having access to and free mobility in and around a building, structure, or improved area." Plaintiffs have failed to show how the metal screws would constitute a violation of this statute and how, even if such a *statutory* violation occurred, it would relate to their claim for premises liability.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly